UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────x
GREATER HURON DEVELOPMENT
CORPORATION,

               Plaintiff,

     v.

RIDGEFIELD FARMS, LLC, ROY LEVY,
RICHARD GREENFIELD and PHIL FRIEND,

               Defendants.
───────────────────────────────x

FILED
U.S. DISTRICT COURT
2007 MAY -2  P 12: 30
S.D. OF N.Y. W.P.

**AMENDED COMPLAINT**

06 Civ. 13766 (CM) (LMS)

## JURISDICTION

1.   The plaintiff, GREATER HURON DEVELOPMENT CORPORATION, is a corporation incorporated under the laws of the State of South Dakota having its principal place of business in the State of South Dakota.

2.   Upon information and belief, defendant, RIDGEFIELD FARMS, LLC, is a corporation incorporated under the laws of the State of Connecticut, having its principal place of business in the State of Connecticut.

3.   Upon information and belief, defendant, PHIL FRIEND, is a citizen of the State of Connecticut, residing at 222 Peaceable Street, Ridgefield, Connecticut 06877.

4.   Upon information and belief, defendant, ROY LEVY, is a citizen of the State of New York, residing at 99 Suffolk Street #3B, New York, New York 10002.

5.  Upon information and belief, defendant, RICHARD GREENFIELD, is a citizen of the State of New York, residing at 6 Old Farm Circle, White Plains, New York, 10605.

6.  The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000, the sum specified by 28 U.S.C. § 1332.

7.  This Court has personal jurisdiction over defendants ROY LEVY and RICHARD GREENFIELD because each of them resides in the state of New York. Upon information and belief, this Court has personal jurisdiction over defendants RIDGEFIELD FARMS, LLC and PHIL FRIEND pursuant to New York Civil Practice Laws and Rules Sections 301 and 302.

8.  Venue is proper in the Southern District of New York because each of the defendants is subject to personal jurisdiction in this district.

### FACTS

9.  Defendant, RIDGEFIELD FARMS, LLC, on or about March 10, 2004, received a business loan in the amount of $250,000 from the plaintiff. In exchange for the loan, RIDGEFIELD FARMS, LLC, through its president, PHIL FRIEND, executed and delivered to plaintiff a Promissory Note (the "Note").

10. To secure the Note, the defendant RIDGEFIELD FARMS, LLC gave plaintiff a security interest in its inventory, equipment, accounts, general intangibles and government payments.

11. To further induce the plaintiff to make the loan, the individual defendants ROY LEVY, RICHARD GREENFIELD and PHIL FRIEND, executed and delivered their personal guaranties to the plaintiff (the "Guaranty").

12. Pursuant to the terms of the Guaranty, the individual defendants agreed, inter alia, to "unconditionally guaranty to the Lender the full and prompt payment when due, whether at maturity or earlier, by reason of acceleration or otherwise, of the debts, liabilities and obligations" due under the Note.

13. Pursuant to the terms of the Note and Guaranty, the defendants agreed to pay all costs of collection including plaintiff's attorney's fees.

## AS A FIRST CAUSE OF ACTION

14. In accordance with the terms of the Note, the defendant RIDGEFIELD FARMS, LLC promised to pay plaintiff 60 payments, each in the amount of $1,392.04, beginning April 10, 2004. The final payment of the entire unpaid balance of principal and interest was to be paid on March 10, 2009.

15. The defendant, RIDGEFIELD FARMS, LLC, has failed to make a single payment on the Note since June 8, 2006 and, therefore, is in default on said Note.

16. As a result of such default, the loan principal has been accelerated and defendant RIDGEFIELD FARMS, LLC owes to plaintiff the principal sum of $228,852.57 due under the Note, including pre-default and post-default interest.

17. The defendant RIDGEFIELD FARMS, LLC further owes to plaintiff all of plaintiff's collection costs and plaintiff's attorney's fees pursuant to the Note which states in

pertinent part that Ridgefield Farms "agrees to pay all costs of collection, replevin or any other similar type of cost if I am in default. In addition, if you hire an attorney to collect this note, I also agree to pay any fee you incur with such attorney plus court costs . . . ."

### AS OF A SECOND CAUSE OF ACTION

18. Plaintiff realleges paragraphs 1 through 17 above as paragraph 18 of this Count II.

19. The defendants, ROY LEVY, RICHARD GREENFIELD and PHIL FRIEND each executed a Guaranty which state as follows: "[T]he undersigned guarantees to the Lender the payment and performance of the debt, liability or obligation of Borrower to Lender evidenced by or arising out of the following: Promissory Note dated March 10, 2004 and any extensions renewals or replacements thereof . . . ."

20. Upon defendant RIDGEFIELD FARMS, LLC default on the Note, demand was made on LEVY, GREENFIELD and FRIEND to make the outstanding payments on the Note pursuant to their personal guaranties.

21. Defendants LEVY, GREENFIELD and FRIEND have failed to make any payment pursuant to their guaranties of the Note.

22. Defendants LEVY, GREENFIELD and FRIEND owe to plaintiff the remaining principal in the amount of $228,852.57, due under said Note and pre and post default interest.

23. Defendants LEVY, GREENFIELD and FRIEND also owe plaintiff all collection costs and plaintiff's attorney's fees pursuant to section 5 of the guaranty which states in pertinent part: "The undersigned will pay or reimburse Lender for all costs and expenses (including reasonable attorney's fees and legal expenses) incurred by Lender in

connection with the protection, defense or enforcement of this guaranty in any litigation or bankruptcy or insolvency proceeding."

**WHEREFORE,** plaintiff demands judgment against each defendant in the sum of $228,852.57, together with pre and post default interest, late charges, attorney's fees, the costs of this proceeding and such other relief as the Court deems just and proper.

Dated: White Plains, New York
       May 1, 2007

                            BARTELS & FEUREISEN, LLP

                by: _____
                          David Feureisen (0774)
                          *Attorneys for Greater Huron Corporation*
                          925 Westchester Avenue, Suite 304
                          White Plains, New York  10604
                          (914) 681-7175